85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hootan DAVOUDI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70172.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided May 16, 1996.
 
 Before: HALL, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hootan Davoudi petitions for review of a decision of the Immigration and Naturalization Service ("INS") denying his application for asylum and withholding of deportation. Because we find substantial evidence in the record to support the decision of the Board of Immigration Appeals ("BIA"), we deny the petition.
 
 
 3
 The only member of Davoudi's family to have arguably been persecuted is his mother, yet her trouble with the authorities in the first year or so of the new regime did not repeat itself, and she remained in Iran with the family for five years thereafter. The Immigration Judge ("IJ") found it unlikely that she would face persecution in the future if she returned to Iran, and we agree. Because Davoudi's claim of persecution is based largely on his mother's past persecution, his case for a well-founded fear is weaker still.
 
 
 4
 Next, even if we accepted that Davoudi's father and sister experienced discrimination based on their political and religious differences with the Khomeni regime, this does not amount to persecution. As the BIA observed, it is not persecution under the asylum laws to distribute or withhold political patronage. Furthermore, as we recently held, one does not suffer persecution merely because one disagrees with the fundamentalist doctrine of the Khomeni government. Fisher v. INS, 79 F.3d 955, 962-63 (9th Cir.1996) (en banc).
 
 
 5
 The petitioner and his family were permitted to travel abroad when they lived in Iran. They continue to own property there. No threats have been made against them. There is no reason to think that Davoudi faces a threat to life or freedom, based on his religion, imputed political opinion, or familial association, should he return to Iran.
 
 
 6
 We agree with the BIA that Davoudi has failed to demonstrate the well-founded fear of persecution necessary to gain asylum in the United States. See Diaz-Escobar v. INS, 782 F.2d 1488, 1491-92 (9th Cir.1986) (discussing the standard); 8 U.S.C. § 1158 (asylum statute). It follows a fortiori that he has failed to meet the stricter standard required for the withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir.1995) (discussing stricter standard for withholding of deportation); 8 U.S.C. § 1253(h) (withholding statute). Hence, like the BIA, we need not reach the discretionary stage of Davoudi's asylum application.
 
 
 7
 Substantial evidence supporting the decision of the BIA, Davoudi's petition is DENIED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3